The Honorable Dawn Creekmore State Representative 1837 Scotch Pine Lane Hensley, AR 72065-9024
Dear Representative Creekmore:
I am writing in response to your request for an opinion on the following:
I have been contacted by constituents concerning the applicability of Arkansas Code § 5-14-129 which provides as follows:
5-14-129. Registered offender working with children prohibited
(a) It is unlawful for a sex offender who is required to register under the Sex Offender Registration Act of 1997, § 12-12-901 et seq., and who has been assessed as a Level 3 or Level 4 offender to engage in an occupation or participate in a volunteer position that requires the sex offender to work or interact primarily and directly with a child under sixteen (16) years of age.
(b) A sex offender who is required to register under the Sex Offender Registration Act of 1997, § 12-12-901 et seq., and who knowingly violates this section is guilty of a Class D felony.
It is my understanding that a sex offender who is required to register under the Sex Offender Registration Act of 1997, § 12-12-901 et seq., and who has been assessed as a Level 3 or Level 4 offender is providing martial arts lessons to children under sixteen (16) years of age. In your opinion, could the sex offender described in this paragraph be prosecuted under § 5-14-129?
RESPONSE
I cannot make any prosecutorial judgments with regard to this matter, due to the intensive fact finding that necessarily attends the decision, and in recognition of the general principle of prosecutorial discretion. It has long been the policy of this office to decline to issue an opinion concerning the pursuit of criminal charges, in deference to the prosecutor's sound discretion in the matter.
The question of whether a particular individual, who is required to register pursuant to A.C.A. §§ 12-12-901 through-922 (Repl. 2003 Supp. 2005) and who has been assessed a Level 3 or Level 4 offender, is working or volunteering in a position that requires him or her to "interact primarily and directly" with children under the age of sixteen is factually intensive. The decision of whether to press charges against an individual is within the discretion of the local prosecuting attorney. See, e.g., Webb v. Harrison, 261 Ark. 279, 547 S.W.2d 748
(1977) ("The prosecutor has the discretion to file charges and the discretion to ask the court to dismiss charges."); see also Ops. Att'y Gen. 2006-086 and 2001-166.
Nonetheless, it appears that the intent of A.C.A. § 5-14-129 is to criminalize intentional interaction with children in a work, educational, or volunteer environment by Level 3 or Level 4 sex offenders. While any specific situation must be evaluated for prosecution by a prosecuting attorney, it is certainly my opinion that working as a martial arts instructor could fall under the purview of this Act.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General